14108

CORNELIUS v. ATLANTIC GREYHOUND LINES

(180 S. E., 791)

Mr. W. L. DePass, for appellant,

Messrs. Tobias & Turner, for respondent,

July 16, 1935.

*Per curiam.*

This action was brought in the Court of Common Pleas for Kershaw County on May 16, 1934, by the plaintiff, a nonresident of this State, against the defendant, a foreign corporation, for damages claimed to have been sustained by her through the wrongful acts of the company.

The complaint alleged that the defendant is engaged in business as a common carrier of passengers for hire to and from various points in the United States, and for that purpose, as such carrier, owns buses which it operates through and by its agents, servants, and employees, having a bus line and offices in the County of Kershaw, S. C.; that on September 9, 1933, the plaintiff went to the bus terminal of the Great Eastern Stages, Inc., in the City of Morrisville, Pa., and purchased a round-trip ticket from that point to Camden, S. C., for which she paid $30.10; that the agent advised her at the time that Great Eastern Stages—subsequently acquired by the defendant—would carry her as far as Richmond, Va., and would there transfer her to Atlantic Greyhound Lines, which would take her from that point to Camden, S. C., and would bring her back to Morrisville at any time within ninety days therefrom; that the driver of the bus of the Great Eastern Stages on which the plaintiff took passage, when she presented to him the ticket which she had purchased, tore off a portion of it and returned the remaining part to her; that when she reached Richmond she was transferred to a bus of Atlantic Greyhound Lines, the defendant herein, and the driver of that bus tore off a portion of her ticket and returned to her the remaining part; that at Winston-Salem, N. C., she again changed, taking passage on another bus of the defendant, the driver of which tore off part of her ticket and returned the remaining portion to

her, which she had in her possession when she arrived at Camden on September 10, 1933. It was further alleged:

"That thereafter, on October 9th, 1933, the plaintiff, Sallie Belle Cornelius, went to the defendant's station or bus terminal at Camden, South Carolina, and at 3:45 P. M., she got on one of defendant's buses whose destination was Richmond, Virginia; when the driver of defendant's bus asked plaintiff for her ticket, she delivered to him the remaining portion of her round-trip ticket which was in the same condition as when returned to her by defendant's driver on the bus which brought her from Winston-Salem, North Carolina, to Camden, South Carolina. Defendant's driver asked her where the other part of her ticket was and plaintiff stated to him that the ticket was torn by the driver of the Greyhound bus bringing her to Camden, South Carolina, from Winston-Salem, North Carolina, and that the ticket was in the same condition as when he gave it back to her, and further that if too much of it was torn off, it was done by the driver on said Greyhound bus. Defendant's said driver refused to heed her reasonable explanation and to make any investigation thereof, and, after listening to her explanation of how it must have been torn, and who did it, and how it came to be in that condition, defendant's said driver threw her ticket down and told plaintiff that she could not go on that ticket for she would have to buy a ticket from Camden, South Carolina, to Richmond, Virginia, for Nine and 60-100 ($9.60) Dollars. Plaintiff undertook to explain that she was not responsible for the portion of her ticket torn off by defendant's driver on the bus from Winston-Salem, North Carolina, to Camden, South Carolina; that she had no cash with her and was due in Morrisville, Pennsylvania, in time to go to work on October 11th and that her family was expecting her to arrive October 10th; that the driver of said bus was obstinate, and in a rude manner ejected her from said bus and refused to give her transportation. * * * "

In due time the defendant gave notice that it would move at the next term of Court of Common Pleas for Kershaw County to dismiss the action "for the reason that the Court is without jurisdiction" in the matter. The motion was granted by Judge M. M. Mann, who held that, under his construction of the complaint, "the cause of action did not arise, and the subject of the action is not situated, within this State"; and that the complaint, so construed, plainly contravenes the statute law of the State, particularly Section 826 of the Code of 1932. From the Circuit order the plaintiff appeals, her exceptions raising only one question, When and where did the alleged cause of action arise?

The respondent argues that the "wrong, if any, to the plaintiff under the allegations of the complaint, could not have occurred in the State of South Carolina, but related back to the alleged wrongful tearing of the ticket in North Carolina, where the cause of action, if any, arose." The contention of the appellant is that the cause of action arose at Camden, this State, "the point where she was wrongfully ejected from defendant's bus and in the manner and as alleged in the complaint herein"; and that even if too much of her ticket were torn off by the driver of the defendant's bus within the State of North Carolina—which would be a question of fact to be determined from the testimony—that would not entitle her to maintain the alleged cause of action for wrongful ejection.

We quote here the pertinent part of Section 826 of the Code of 1932:

"An action against a corporation created by or under the laws of any other state, government, or country may be brought in the Circuit Court: * * *

"(2) By a plaintiff not a resident of this State, when the cause of action shall have arisen, or the subject of the action shall be situated, within this State."

In 1 C. J., 1146, it is stated that a "cause of action accrues when facts exist which authorize one party to maintain an action against another."

We conclude, from an analysis of the complaint, that the Circuit Judge was wrong in dismissing the case for the reason stated by him. The cause of action alleged is not for a breach of contract, but is one in tort for the wrongful ejection of the plaintiff from defendant's passenger bus. It seems to us that such alleged tort resulted from a twofold wrong on the part of the carrier, namely, (a) in depriving the plaintiff of the evidence of its contract to carry her from Camden, S. C., to Richmond, Va., and (b) in afterwards refusing to so transport her because of her failure to produce the evidence which it had wrongfully taken from her. Under such a state of facts, which appellant alleges to be true, a cause of action in tort arose in her favor against the defendant at the time and place of her ejectment from the bus.

Furthermore, the plaintiff alleged that she was ejected "in a rude manner." In *Palmer v. Charlotte, C. & A. R. Co.,* 3 S. C., 580, 16 Am. Rep., 750, the Court said that "all the powers of common carriers over their passengers are subject to the limit of reasonableness, and an act that offends the sense of public justice and propriety cannot be justified as a lawful exercise of the authority of a common carrier over the person of his passengers." See, also, *Smith v. Southern Ry.,* 88 S. C., 421, 70 S. E., 1057, 34 L. R. A. (N. S.), 708.

The decisions cited by the respondent, which we have examined with care, are found to be inapplicable under the alleged facts of this case.

The order appealed from is reversed, and the case is remanded to the Court of Common Pleas for Kershaw County for trial.